FILED

JUL 3 - 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BOUTTE,<br><br>    Plaintiff(s),<br><br>v.<br><br>BYRON J. BAHR,<br><br>    Defendant(s). | No. C08-2641 BZ<br><br>**ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On April 24, 2008, pro se plaintiff, John Boutte, filed a complaint seeking relief under 42 U.S.C. § 1938, 18 U.S.C. § 1964 (RICO), and 28 U.S.C. § 1346 (Federal Tort Claims Act). Plaintiff has applied to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a). Having reviewed the complaint and application, I find that plaintiff has failed to state a claim for which relief may be granted, and I therefore **DENY** his *in forma pauperis* application and **DISMISS** his complaint with leave to amend.

Plaintiff has applied to proceed with his complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915. The court may deny *in forma pauperis* status and dismiss a complaint if it is

1

1  frivolous or if it fails to state a claim on which relief may
2  be granted.  28 U.S.C. § 1915 (e)(2)(B).  Construed liberally
3  in his favor, plaintiff's complaint fails to allege facts
4  sufficient to state a claim.[1]  Plaintiff appears to allege
5  that he was the victim of conspiracy and harassment.  From the
6  few details he offers in his complaint, however, I cannot be
7  sure of the nature of his claim.  Plaintiff must give
8  defendants fair notice of the grounds on which the complaint
9  is based.  See McKeever v. Block, 932 F.2d 795, 798 (9th Cir.
10 1991).  In his complaint, plaintiff does not provide facts
11 sufficient to inform defendants of the grounds of his
12 complaint.  Plaintiff's complaint therefore fails to meet the
13 basic requirement that it state a claim for which relief can
14 be granted.
15     Moreover, to the extent that plaintiff seeks to bring a
16 claim against a state court judge for actions taken in the
17 judge's official capacity, the claim is barred by the judicial
18 immunity doctrine.  See Pierson v. Ray, 386 U.S. 547, 554
19 (1967).  Judges are immune from "liability for damages for
20 acts committed within their judicial jurisdiction."  Id.
21 "This immunity applies even when the judge is accused of
22 acting maliciously and corruptly, and it is not for the
23 protection or benefit of the malicious or corrupt judge, but
24 for the benefit of the public, whose interest it is that the

---

[1] The court must liberally construe a pro se complaint, giving the plaintiff the benefit of any doubt.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

2

1  judges should be at liberty to exercise their functions with
2  independence and without fear of consequences. Id. (internal
3  quotations omitted). Additionally, this Court does not have
4  jurisdiction to stay or alter a ruling of a state court judge.
5  See Worldwide Church of God v. McNair, 805 F.2d 888, 890-91
6  (9th Cir. 1986) (forbidding the filing of suits seeking *de*
7  *facto* review of state court decisions). If plaintiff is
8  dissatisfied with a state court ruling, his remedy is to seek
9  timely and appropriate review through the state court system.
10     Nor does plaintiff's complaint allege sufficient facts to
11 support a claim for relief under 28 U.S.C. § 1983. "To state
12 a claim under § 1983, a plaintiff must allege the violation of
13 a right secured under the Constitution and laws of the United
14 States, and must show that the alleged deprivation was
15 committed by a person acting under color of state law." West
16 v. Atkins, 487 U.S. 42, 48-49 (1988). Plaintiff's facts
17 establish neither.
18     Nor does the complaint allege sufficient facts to support
19 a claim for relief under RICO. To prevail on the RICO claim,
20 the plaintiff must prove that the defendant engaged in:
21 "(1) conduct (2) of an enterprise (3) through a pattern (4) of
22 racketeering activity [and] show that the defendant caused
23 injury to his business or property." Fireman's Fund Ins. Co.
24 v. Stites, 258 F.3d 1016, 1021 (9th Cir. Cal. 2001). The few
25 facts alleged do not establish any of these elements.
26     Finally, the complaint does not allege sufficient facts
27 to support a claim for relief under the Federal Tort Claims
28 Act. The Act provides for suits against the United States for

3

personal injuries arising out of the negligence of federal employees. See 28 U.S.C. §§ 1346(b), 2679 (a); Dolan v. U. S. Postal Serv., 546 U.S. 481, 484 (2006). Here, plaintiff has not filed suit against the United States and his claims do not appear to involve federal employees.

Because I find that plaintiff's complaint fails to state a claim upon which relief may be granted, **IT IS HEREBY ORDERED** that plaintiff's *in forma pauperis* application is **DENIED**, with leave to amend his complaint. If plaintiff desires to proceed with this lawsuit, he must file an amended complaint **August 1, 2008**. The amended complaint should be a short, legible statement in plain English that clearly states the facts that form the basis for his suit against each defendant. It must also contain claims that are within the jurisdiction of this Court. In amending his complaint, plaintiff may wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual is available in the Clerk's Office and online at: www.cand.uscourts.gov.

Plaintiff has not consented to the jurisdiction of an United States Magistrate Judge. Plaintiff should in writing, consent or decline to consent to magistrate judge jurisdiction by **August 1, 2008.**

If plaintiff does not amend or otherwise comply with this Order by **August 1, 2008** this case may be dismissed.

Dated:   July 3, 2008

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\BOUTTE V. BAHR\ORDER DENYING IFP AND DISMISSING.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

        Plaintiff,

v.

WHEATFALL #429, ET AL. et al,

        Defendant.
_____/

Case Number: CV08-02139 BZ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 3, 2008, I SERVED a true and correct copy(ies) of the attached **ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William J. Whitsitt
335 W. Clover Road
Tracy, CA 95376

Dated: July 3, 2008

                                        Richard W. Wieking, Clerk
                                        By: Rose Maher, Deputy Clerk