UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN BOUTTE, | ) | |
| Plaintiff(s), | ) | No. C08-2641 BZ |
| v. | ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| BYRON J. BAHR, | ) | |
| Defendant(s). | ) | |

On May 13, 2009, the only remaining defendant in this action, Chrysler Financial Services Americas LLC ("defendant") filed a motion to dismiss plaintiff John Boutte's First Amended Complaint ("complaint") for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). By order dated May 14, 2009, plaintiff's opposition to defendant's motion was due May 27, 2009. A hearing on the motion was scheduled for July 1, 2009. On May 27, plaintiff filed a "Statement of Opposition", which was nothing more than a statement by plaintiff that he intended to file an opposition by May 28. (*See* Doc. No. 39.)

1

1  Plaintiff did not file an opposition and did not appear at the
2  hearing.  In response to an oral request by plaintiff that he
3  be given an additional ten days to file an opposition, the
4  Court issued an order extending plaintiff's time.  (See Doc.
5  No. 43.)  By that order, plaintiff's opposition was due on
6  July 15, 2009.  No opposition has been filed, despite the
7  Court's admonition that no further continuances would be
8  granted.  (Id.)  This makes the complaint subject to dismissal
9  for failure to prosecute.
10     In an abundance of caution, I reviewed defendant's motion
11 and the complaint, and find it well-reasoned in fact and in
12 law and therefore **DISMISS** plaintiff's complaint with
13 prejudice.
14     Plaintiff's complaint alleges violations of 42 U.S.C. §
15 1983 and the Racketeer Influenced and Corrupt Organizations
16 Act ("RICO"), 18 U.S.C. §§ 1961 et seq.  Even construed
17 liberally, the complaint does not allege facts sufficient to
18 state a claim.
19     "To state a claim under § 1983, a plaintiff must allege
20 the violation of a right secured by the Constitution and laws
21 of the United States, and must show that the alleged
22 deprivation was committed by a person acting under color of
23 state law."  West v. Atkins, 487 U.S. 42, 48 (1988).
24 Defendant correctly argues that there are no facts in
25 plaintiff's complaint that demonstrate that defendant was
26 acting under color of state law.
27     Similarly, plaintiff's complaint fails to allege
28 sufficient facts to support a civil RICO claim.  The essential

elements of a RICO claim are "(1) the existence of a RICO 'enterprise'; (2) the existence of 'a pattern of racketeering activity'; (3) a nexus between the defendant, the pattern of racketeering activity or the RICO 'enterprise'; and (4) resulting injury to plaintiff, in his business or property." <u>Standard Chlorine of Del., Inc. v. Sinibaldi</u>, 821 F. Supp. 232, 241 (D. Del. 1992). Plaintiff has alleged no facts to support any of the elements of a civil RICO claim.

Finally, plaintiff is not entitled to relief under the Federal Tort Claims Act.[1] The Act provides for suits against the United States for personal injuries arising out of the negligence of federal employees. *See* 28 U.S.C. §§ 1346(b), 2679(a); <u>Allen v. Veterans Admin.</u>, 749 F.2d 1386, 1388 (9th Cir. 1984). Here, plaintiff has not filed suit against the United States and his complaint does not allege any facts that demonstrate that a federal employee was involved in this dispute.

Accordingly, defendant's motion is **GRANTED** and plaintiff's complaint is hereby **DISMISSED** with prejudice.

Dated: July 22, 2009

*Bernard Zimmerman*
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\BOUTTE V. BAHR\ORDER GRANTING D'S MOT TO DISMISS.wpd

---

[1] It is unclear from plaintiff's complaint whether he is alleging a violation of the Federal Tort Claims Act, but in an abundance of caution, the Court addresses this potential claim.

3